## PROOF OF TITLE TO PROMISSORY NOTE.

[Circuit Court of Hamilton County.]

HERMAN SUER v. WILLIAM KALBFELL.

Decided November 29, 1902.

A denial of every allegation of a petition, except the signing of the note sued on, puts in issue plaintiff's title to the note; and a failure to put the note in evidence is ground for arresting the case from the jury; but if the defendant himself offers the note in evidence and tries the question of title, he is not prejudiced by the previous error.

GIFFEN, J.; SWING, P.-J., and JELKE, J., concur.

The petition filed in the common pleas court is in the usual form for an action under the code upon a promissory note. The answer is as follows:

"This defendant admits that he signed the note set out in the petition herein, but he denies that there is due to plaintiff from him the sum of two hundred dollars or any amount whatsoever, for the reason that said note was obtained from him, the defendant, under and by misrepresentations; and he denies each and every allegation in plaintiff's petition contained, not herein specifically admitted to be true."

The admission that the defendant signed the note is not also an admission that the same was delivered to plaintiff or that he is the owner and holder thereof. A denial of each and every other allegation in the petition put in issue plaintiff's title to the note; and upon failure to offer the note in evidence the court erred in

overruling defendant's motion to arrest the case from the jury.

The note was afterwards however offered in evidence by the defendant himself, and the questions of title to and consideration for the note were fully covered by the evidence which is all brought before us in the bill of exceptions, and we think sustains the verdict.

It does not appear that the defendant was prejudiced by the error of the court in overruling the motion, and the judgment will be affirmed.

*Renner & Renner*, for plaintiff in error.

*W. W. Symmes*, contra.